IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA JUDITH DIAZ-CASTRO

Plaintiff

v.

ROMAN-ROMAN, ET AL

Defendants

**CIVIL NO. 09-1033 (SEC)**

**OPINION and ORDER**

On May 11, 2009, Plaintiff filed a motion requesting that this Court appoint her counsel. For the following reasons, their request is **DENIED**.

The United States Supreme Court has held that there is no constitutional right to counsel in civil cases. Lassiter v. Dept. of Soc. Servcs., 452 U.S. 18, 25 (1981). In Lassiter, the Court further stated that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." Id. at 26-27. According to Mallard v. United States District Court for Southern Dist. of Iowa, 490 U.S. 296, 296-297 (1989), under former section 28 U.S.C. 1915(d), redesignated as 28 U.S.C. 1915(e), federal courts have the authority to request an attorney to represent an indigent litigant in a civil case, but are without authority to require representation. While interpreting this rule, the district courts in the First Circuit have reiterated that they have no authority to commit financial resources to appointed counsel, even when exceptional circumstances are found, meriting the request of a member of the local bar to act as an attorney for an indigent civil defendant. Feliciano v. DuBois, 846 F. Supp. 1033, 140 (D. Mass. 1994).

In terms of determining when *pro bono* representation should be requested from a member of the bar, district courts in the First Circuit have found the need for exceptional

circumstances to be present. Feliciano, supra, 846 F. Supp. at 1040. The First Circuit opinions have also reiterated the need for exceptional circumstances in order to appoint counsel in civil rights cases. See e.g. Bemis v. Kelly, 857 F.2d 14, 15 (1 Cir. 1988). Accordingly, the indigent litigant bears the burden of showing that exceptional circumstances in his or her case justify said appointment, such as his or her inability to conduct whatever factual investigation is necessary to support his or her claim, the complexity of the factual and legal issues involved, and the capability of the indigent litigant to present the case. Bemis, 857 F.2d at 15-16 (1988). Plaintiff has failed to show that the facts and legal issues in the instant case make such appointment necessary. Due to the lack of extraordinary circumstances, and the lack of authorization to expend judicial resources on appointed counsel, this Court **DENIES** Plaintiff's request to appointment of counsel in the current case.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of August, 2009.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge