IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA JUDITH DIAZ-CASTRO

Plaintiff

v.

ROMAN-ROMAN, ET AL

Defendants

CIVIL NO. 09-1033 (SEC)

**OPINION and ORDER**

Pending before the Court is Petitioner's motion for a writ of *habeas corpus* under 28 U.S.C. § 2254, requesting that her Commonwealth court conviction be set aside. Docket # 2. Puerto Rico's Secretary of Justice moves for dismissal alleging Petitioner's claims are time-barred, and that she failed to exhaust administrative remedies. Docket # 26. After considering Petitioner's request, the Government's unopposed motion to dismiss, and the applicable law, the Government's motion to dismiss is **GRANTED**. Accordingly, Petitioner's motion under Section 2254 is **DENIED**.

**Factual and Procedural Background**

On January 13, 2009, Plaintiff filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, and motion for leave to proceed *in forma pauperis*. Dockets ## 1 & 2. Shortly thereafter, the Clerk of the Court issued a notice of defective filing, since Plaintiff failed to include her inmate account statement. Docket # 3. In compliance with this Court's order, on January 30, 2009, Plaintiff filed her inmate account statement. Docket # 4. Plaintiff was also ordered to file certified English translations of her complaint, and motion to proceed *in forma pauperis*. Docket # 5. This Court's order warned Plaintiff that failure to provide the same could

**CIVIL NO. 09-1033 (SEC)**                                                                 Page 2

entail the case's dismissal. However, she failed to submit the above-mentioned translations. As a result, the case was dismissed without prejudice. Docket # 6.

On June 19, 2009, Plaintiff moved for reconsideration. Docket # 7. Her request was granted, and she was ordered to file the translations by August 10, 2009. Docket 8. In the *interim*, her request for appointment of counsel was denied. Docket # 12. On January 5, 2010, Antonio Sagardia-De Jesus, Puerto Rico's former Secretary of Justice, filed a motion to dismiss, arguing that Plaintiff's petition is time-barred. Docket # 26. He further argues that Plaintiff failed to exhaust state post-conviction remedies, specifically, she did not file a P.R. R. CRIM. P. 192.1 motion. To date, Petitioner has failed to oppose the Government's motion to dismiss, and the time allotted for doing so has elapsed.

**Standard of Review**

A petition for writ of *habeas corpus* may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus under said section shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In Baldwin v. Reese, 541 U.S. 27, 32 (2004), the Court ruled that a claim cannot be exhausted if it is not presented directly to the state's highest court. See also Delgado, 72 F. Supp. 2d at 4. Moreover, a petitioner for federal *habeas* review must present claims to the state

**CIVIL NO. 09-1033 (SEC)**                                                                                       Page 3

supreme court irrespective of whether said court's review is discretionary. O'Sullivan, 526 U.S. at 839. Based on the foregoing, a "*habeas* petitioner has to avail himself, not only of whatever appeals he was entitled to as a matter of right, but also as to any discretionary remedies available." Marin-Robles v. Del Valle, No. 03-2247, 2005 U.S. Dist. LEXIS 1800, *8-9 (D.P.R. January 31, 2005).

The purpose of the exhaustion doctrine is to give the State "the opportunity to correct alleged violations of its prisoners' federal rights," Duncan v. Henry, 513 U.S. 364, 367 (1995), and "a full and fair opportunity to address and resolve the [federal] claim on the merits," Keeney v. Tamayo-Reyes, 504 U.S. 1, 22 (1992); see also Coleman v. Thompson, 501 U.S. 722 (1991); Vásquez v. Hillery, 474 U.S. 254 (1982). The Supreme Court has held that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973) (citations omitted).

The current structure of the Puerto Rico *habeas corpus* relief statutes is quite similar to the federal framework provided by 28 U.S.C. §§ 2254 and 2255. A prerequisite to state *habeas corpus* relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1. P.R. Laws ann. tit. 34, § 1741(c); Rodriguez v. Warden, 791 F.Supp. 41, 42 (D.P.R. 1992). As such, the prisoner must first seek post-conviction collateral relief under Rule 192.1, which provides that "any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . . the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, . . . may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the

**CIVIL NO. 09-1033 (SEC)**                                                                                          Page 4

judgment." Thereafter, the order entered by the Court of First Instance is appealable to the appeals court, and subsequently to the Supreme Court of Puerto Rico. After said remedy has been exhausted, the prisoner must then seek *habeas* relief in the state courts, prior to filing a petition for federal *habeas* relief.

Puerto Rico Law No. 18 of April 11, 1968 ("Law 18"), provides the right to request the issuance of the common-law writ of habeas corpus. 34 P.R. Laws Ann. § 1741. However, Law 18 explicitly states that "[n]o judge shall consider a writ of habeas corpus prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 of the Rules of Criminal Procedure, App. II of this title." Id. at § 1741(c). Even further, "[i]f denied after having been prosecuted, the court shall not consider a writ of habeas corpus unless it may appear from the remedy provided by Rule 192.1 that it was inadequate or ineffective to challenge the validity of the detention." Id. In other words, absent such inadequacy in the Rule 192.1 procedure, the writ of habeas corpus under Law 18 would be unavailable to Petitioner in the above-captioned case. Such inadequacy is found present only in extreme cases where, for example, the sentencing court has ceased to exist or has lost its jurisdiction to address a Rule 192.1 motion.   See DAVID RIVÉ RIVERA, RECURSOS EXTRAORDINARIOS 175-76 (2nd Ed. 1996).

Therefore, in order to be afforded federal *habeas corpus* relief, a Petitioner challenging a Puerto Rico court conviction must exhaust either of these mechanisms. Rodriguez v. Warden, 791 F. Supp. 41, 42 (D.P.R. 1992) (finding that a federal *habeas* petitioner fails to exhaust all state court remedies when he fails to avail himself of state post-conviction court proceedings). Federal courts "will not entertain an application for *habeas* relief unless the petitioner first has fully exhausted his state remedy with respect to each and every claim contained in the

**CIVIL NO. 09-1033 (SEC)**                                                                 Page 5

application." Delgado v. Martinez, 72 F. Supp. 2d 2, 5 (D.P.R. 1999) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

Defendant claims that Petitioner has taken no action to collaterally attack her conviction, specifically, that she has not filed a Rule 192.1 motion before the trial court. They further note that she has not filed a state *habeas corpus*. After reviewing the record, this Court notes that despite having requested reconsideration before the trial court, and having appealed her conviction to the court of appeals, and the Puerto Rico Supreme Court, Petitioner has not shown that she filed a Rule 192.1 motion nor a state *habeas corpus* petition. Therefore, she has not exhausted all state remedies, depriving this Court of jurisdiction over the present case. Moreover, Petitioner has not opposed Defendants' motion to dismiss nor shown any reason for exempting her from the exhaustion requirement.[1] As such, this Court must dismiss her *habeas corpus* petition for failure to exhaust state court remedies.

Although dismissal of Petitioner's *habeas corpus* petition is without prejudice because the exhaustion of state remedies requirement "does not usually foreclose, but only postpones federal relief," Camacho v. Commonwealth of P.R., 343 F. Supp. 2d at 65, this Court also finds that the present petition is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." Section 2244(d)(1)(A), 28 U.S.C. § 2244. For present purposes, said limitation period starts running from "the date on which the judgment became final by the conclusion of direct review or the

---

[1] The petitioner can show that the exhaustion requirement is satisfied because "there is no longer a state remedy available due to petitioner's procedural default," or when he shows "it would be futile to conduct further collateral proceedings to review his conviction in state court." Mercado Negron v. Torres-Suarez, 1999 U.S. Dist. LEXIS 7194, *9-10 (D.P.R. 1999)(citing Byrnes v. Vose, 969 F.2d 1306 (1st Cir. 1992)). However, herein Petitioner has not shown that either of the above mentioned circumstances is present.

**CIVIL NO. 09-1033 (SEC)**                                                                 Page 6

expiration of the time for seeking such review."[2] Id.; see also Wood v. Spencer, 487 F.3d 1, 4 (1st Cir. Mass. 2007).  Under Section 2244(d)(2), "the limitations period is tolled for the time during which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. Mass. 2007). However, "Section 2244(d)(2) does not reset the clock on the limitations period, but merely stops it temporarily, until the relevant applications for review are ruled upon." Id.; see also Wood v. Spencer, 487 F.3d at 4.

      Since the one-year limitations period in § 2244(d)(1) is not jurisdictional, it is subject to equitable tolling in appropriate cases. Trapp, 479 F.3d at 59. However, this circuit has allowed for equitable tolling of § 2244(d)(1)'s limitations period in rare and extraordinary cases. Id. Considering that "[o]ne of AEDPA's main purposes was to compel habeas petitions to be filed promptly after conviction and direct review," Trapp, 479 F.3d at 59 (citing David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003)), equitable tolling "is the exception rather than the rule." Id. (citing Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002)).

---

[2] Section 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 USCS § 2244.

**CIVIL NO. 09-1033 (SEC)**                                                                 Page 7

---

Moreover, petitioner bears the burden of establishing a basis for equitable tolling. Id. On this front, the Supreme Court has "side-stepped the question of whether equitable tolling ever applies to time limits for the filing of federal habeas petitions by state prisoners, and simply assumed arguendo that equitable tolling is available." Trapp, 479 F.3d at 59 (citing Lawrence v. Florida, 549 U.S. 327 (2007)). There, the Court held that for equitable tolling to apply, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from making a timely filing.[3] Trapp, 479 F.3d at 59; Lawrence, 549 U.S. 327; see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Therefore, if the petitioner does not make out a case of extraordinary circumstances, equitable tolling does not proceed.

In the present case, Petitioner was sentenced on June 23, 2003. She then filed an appeal to the Puerto Rico Court of Appeals which was denied on December 12, 2005. Her subsequent motion for reconsideration to the appeals court was denied on March 3, 2006. Petitioner's writ of *certiorari* to the Puerto Rico Supreme Court was also denied on June 2, 2006. Finally, Petitioner sought reconsideration, and was denied such relief on July 21, 2006, and once again on August 21, 2006. Therefore, the State court's final judgment was final as on or around August 21, 2006. Since there is no evidence that Petitioner initiated any other post-conviction or collateral review of her conviction, the one-year period of limitations began on or around August 22, 2006. As such, Petitioner should have filed the instant petition on or around August 22, 2007. The record shows, however, that her petition was filed on January 13, 2009, that is,

---

   [3] In determining if equitable tolling applies, courts may consider: the petitioner's own diligence in pursuing habeas relief; whether some extraordinary circumstance prevented the petitioner from making a timely filing; petitioner's diligence in the pursuit of other post-conviction remedies and the process already afforded in the state system; any prejudice to the prosecution that would result from tolling and possible retrial; the fact that equitable tolling is not available in cases of dubious merit; and whether the case is a capital case and whether or not the petitioner has been sentenced to death. Trapp, 479 F.3d at 61 (citations omitted).

**CIVIL NO. 09-1033 (SEC)**                                                                 **Page 8**

well after the one-year period of limitations for petitions under Section 2254. Absent allegations or proof of extraordinary circumstances which impeded Petitioner's timely filing, this Court finds that Petitioner's claims are time-barred. As a result, dismissal with prejudice of her petition is warranted.

**Conclusion**

Based on the foregoing, the Government's motion to dismiss is **GRANTED**, Petitioner's motion under Section 2254 is **DENIED**, and the instant case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of February, 2010.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge