IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA JUDITH DIAZ-CASTRO

Petitioner

v.

ROMAN-ROMAN, ET AL

Defendants

**CIVIL NO. 09-1033 (SEC)**

**OPINION AND ORDER**

In the Opinion and Order dated February 10, 2010, this Court denied Petitioner's *habeas corpus* petition on two fronts: failure to exhaust administrative remedies and untimeliness. Docket # 31. Therein this Court noted that Petitioner did not file a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1, P.R. Laws ann. tit. 34, § 1741(c), and as a result, dismissal of her Section 2254 was warranted. Moreover, we pointed out that Petitioner was sentenced on June 23, 2003; that her appeal to the Puerto Rico Court of Appeals was denied on December 12, 2005; her subsequent motion for reconsideration to the appeals court was denied on March 3, 2006; her writ of *certiorari* to the Puerto Rico Supreme Court was denied on June 2, 2006; her two requests for reconsideration to said Court were denied on July 21 and August 21, 2006. Therefore, the State court's final judgment was final on or around August 21, 2006. Although Petitioner should have filed the instant petition on or around August 22, 2007, her petition was filed on January 13, 2009, that is, well after the one-year period of limitations for petitions under Section 2254. Absent allegations or proof of extraordinary circumstances which impeded Petitioner's timely filing, this Court held that Petitioner's claims were time-barred, and as a result, dismissal of her petition was also warranted on these grounds.

**CIVIL NO. 09-1033 (SEC)**                                                                                          Page 2

On March 16, 2010, Petitioner filed a motion for reconsideration in the Spanish language (Docket # 33), arguing that she exhausted all remedies available in the state court, to wit, that she filed a Rule 192.1 motion in the state court. She also set forth alleged exculpatory evidence to support her request for *habeas* relief. The Government opposed, arguing that Petitioner's motion for reconsideration was untimely filed, and fails to rebut this Court's conclusion that her Section 2254 petition is time-barred.

Upon reviewing the record, for the reasons set forth in our prior Opinion, this Court finds that Petitioner's Section 2254 is time-barred. Moreover, she has not exhausted all the remedies available in the state court. As previously discussed in the Opinion, a petition for writ of *habeas corpus* may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, Section 2254(b)(1)(A) provides that an application for a writ of *habeas corpus* under said section shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The Supreme Court has held that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973) (citations omitted). Accordingly, federal courts "will not entertain an application for

**CIVIL NO. 09-1033 (SEC)**                                                                 Page 3

*habeas* relief unless the petitioner first has fully exhausted his state remedy with respect to each and every claim contained in the application." Delgado v. Martinez, 72 F. Supp. 2d 2, 5 (D.P.R. 1999) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982). In Baldwin v. Reese, 541 U.S. 27, 32 (2004), the Court ruled that a claim cannot be exhausted if it is not presented directly to the state's highest court. See also Delgado, 72 F. Supp. 2d at 4. Moreover, a petitioner for federal *habeas* review must present claims to the state supreme court irrespective of whether said court's review is discretionary. O'Sullivan, 526 U.S. at 839. Based on the foregoing, a "*habeas* petitioner has to avail himself, not only of whatever appeals he was entitled to as a matter of right, but also as to any discretionary remedies available." Marin-Robles v. Del Valle, 2005 U.S. Dist. LEXIS 1800, *8-9 (D.P.R. 2005).

The Puerto Rico courts provide for appellate relief and state *habeas corpus* post conviction relief. P.R. Laws ann. tit. 34, § 1741. Therefore, in order to be afforded federal *habeas corpus* relief, a Petitioner challenging a Puerto Rico court conviction must exhaust these mechanisms. Rodriguez v. Warden, 791 F. Supp. 41, 42 (D.P.R. 1992) (finding that a federal *habeas* petitioner fails to exhaust all state court remedies when he fails to avail himself of state post-conviction court proceedings). A prerequisite to state *habeas corpus* relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1. P.R. Laws ann. tit. 34, § 1741(c); Rodriguez v. Warden, 791 F.Supp. 41, 42 (D.P.R. 1992). As such, the prisoner must first seek post-conviction collateral relief under Rule 192.1, which provides that "any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . . the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, . . . may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment." Thereafter, the order

entered by the Court of First Instance is appealable to the appeals court, and subsequently to the Puerto Rico Supreme Court. After said remedy has been exhausted, the prisoner must then seek *habeas* relief in the state courts, prior to filing a petition for federal *habeas* relief. Thus even if Petitioner filed a Rule 192.1 motion before the state court (Docket # 33), she fails to show that she appealed said court's denial of the same, and sought *habeas* relief in the state courts. Therefore, Petitioner has not exhausted all state court remedies.

**Conclusion**

Based on the foregoing, Petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of June, 2010.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge